UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLIE L. HARVEY,<br><br>              Plaintiff,<br><br>    v.<br><br>A. AYALA, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:10-cv-2343-MJS<br><br>AMENDED SECOND INFORMATIONAL ORDER - NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 18) |

Plaintiff Quillie L. Harvey ("Plaintiff") is proceeding pro se in this civil action. Defendants filed a motion to dismiss for failure to exhaust on June 13, 2012, and pursuant to Woods v. Carey, Nos. 09-15548, 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

    1. Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

    2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(l). Plaintiff has filed an opposition to Defendants' motion to dismiss, but will be given leave to supplement his opposition if he so wishes. Plaintiff's supplemental opposition, if any, must be filed not more than 21 days after the date of service of this order. Id.

    3. Defendants have filed a motion to dismiss for failure to exhaust the

administrative remedies as to one or more claims in the complaint.  The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.  <u>Wyatt</u>, 315 F.3d at 1119 (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact.  <u>Wyatt</u>, 315 F.3d at 1119-20 (quoting <u>Ritza</u>, 837 F.2d at 368).  If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss.  <u>Wyatt</u>, 315 F.3d at 1120.  If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over.  If some of the claims are exhausted and some are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims.  <u>Jones v. Bock</u>, 549 U.S. 199, 219-224, 127 S. Ct. 910, 923-26 (2007).  A dismissal for failure to exhaust is without prejudice.  <u>Wyatt</u>, 315 F.3d at 1120.

If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint.  Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies.  <u>See</u> Fed. R. Civ. P. 43(c); <u>Ritza</u>, 837 F.2d at 369.  If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

4. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

5. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

///

///

1  Plaintiff shall have twenty-one (21) days after the date of service of this Second
Informational Order to file his supplemental response to Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated:   July 30, 2012                           /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE