# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLIE L. HARVEY, JR., | CASE NO. 1:10-cv-02343-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS |
| v. | (ECF No. 18) |
| A. AYALA, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Quillie L. Harvey ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action with a Complaint filed December 16, 2010. (Compl., ECF No. 1.) On December 22, 2011 the Court screened that Complaint and, finding that it stated a cognizable Eighth Amendment excessive force claim, directed Plaintiff to notify the Court whether he wished to proceed on that claim alone or file an amended complaint. (ECF No. 11.) Plaintiff informed the Court he was willing to proceed on his cognizable claim, and the Court dismissed Plaintiff's Fourteenth Amendment claim and certain Defendants. (ECF Nos. 12 & 13.) Thus, Plaintiff proceeds against Defendants Ayala and Martinez. on his excessive force claim under the Eighth Amendment to the United States Constitution

On June 13, 2012, Defendants Ayala and Martinez filed a motion to dismiss on two

1 grounds: 1) Plaintiff failed to exhaust his administrative remedies prior to commencing this
2 action; and, 2) Plaintiff is contesting a rule violation conviction that lengthened his sentence
3 so his remedy must be pursued under 28 U.S.C. § 2254. (Defs.' Mot., ECF No. 18.)
4 Plaintiff filed an opposition on July 2, 2012. (Pl.'s Opp'n, ECF No. 29.) Defendants filed
5 a reply. (Defs.' Reply, ECF No. 23.) Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir.
6 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court notified Plaintiff of
7 his rights and the requirements for opposing the motion and gave him an opportunity to file
8 a supplemental opposition. (ECF No. 24.) In response, Plaintiff filed a supplemental
9 opposition. (Pl.'s Supplemental Opp'n, ECF No. 30.) Defendants filed a supplemental
10 reply. (Defs.' Supplemental Reply, ECF No. 35.)

11 Defendants' motion to dismiss is now ready for ruling pursuant to Local Rule 230(l).

**I.  LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first

1 formal level, a second formal level, and a third formal level, also known as the "Director's
2 Level"; each successive appeal had to be submitted within fifteen working days of the
3 event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative
4 remedies, a prisoner must comply with the deadlines and other applicable procedural rules.
5 Woodford v. Ngo, 548 U.S. 81, 93 (2006).

6 The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather
7 an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust
8 the available administrative remedies before filing a complaint in the District Court. Jones
9 v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the
10 administrative remedies is properly asserted by way of an unenumerated motion under
11 Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l
12 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per
13 curium). In determining whether a case should be dismissed for failure to exhaust
14 administrative remedies, "the court may look beyond the pleadings and decide disputed
15 issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at
16 1119–20. When the court concludes the prisoner has not exhausted all of his available
17 administrative remedies, "the proper remedy is dismissal without prejudice." Id.

18 **II.    ANALYSIS**

19     **A.    Plaintiff's Claims**

20 The essential allegations of Plaintiff's Complaint are summarized as follows:

21 Plaintiff was transferred from one prison to another in August 2010 and during the
22 transfer process, he was housed at Wasco State Prison for a night. (Compl. at 5.) Plaintiff
23 was housed with an incompatible roommate and informed Defendant Ayala of the situation.
24 (Id. at 5-6.) Defendant Ayala threatened Plaintiff with physical harm and pepper spray if
25 Plaintiff did not go to his assigned cell. (Id. at 6.) Plaintiff returned to his assigned cell but

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

Defendant Ayala still placed the pepper spray against Plaintiff's face and lunged at him. (Id.) Plaintiff asked Defendant Martinez for help. (Id.) Defendant Martinez instead used pepper spray on Plaintiff and Defendant Ayala hit Plaintiff on the back. (Id.) Plaintiff was dragged out of the building, placed in handcuffs, and taken to a cage. (Id.)

Plaintiff filed staff complaints on September 6 and 22, 2010. (Compl. at 8.) Plaintiff was issued a Rules Violation Report on September 9, 2010. (Id.)

### B. Defendants' Motion

Defendants move for dismissal pursuant to 42 U.S.C. § 1997e(a) on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Defendants also move for dismissal because Plaintiff contests a rule violation conviction which altered the length of his sentence, but he has failed to successfully challenge his conviction under 28 U.S.C. § 2254.

Defendants are correct on their argument that Plaintiff's action should be dismissed pursuant to 42 U.S.C. § 1997e(a).

Plaintiff filed this action on December 16, 2010. (Compl. at 1.) To have properly exhausted his claims, Plaintiff must have submitted an inmate appeal regarding the claims which give rise to this action and obtained a third level decision prior to December 16, 2010. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).

The incident at issue in Plaintiff's action occurred on August 30, 2010. (Compl. at 5.) After this date, Plaintiff filed two relevant appeals. Plaintiff appealed the Rules Violation Report that he received as a result of the incident in WSP-10-10241, an appeal that was completely reviewed when it was denied at the third level by the Chief of the Inmate Appeals Branch on May 19, 2011. (Lozano Decl., ECF No. 18-1 at ¶ 4, Ex. 1.) Plaintiff also filed a staff complaint regarding the incident, WSP-11-00246, which was completely reviewed when it was denied by the Chief of the Inmate Appeals Branch on September 14, 2011. (Ortega Decl., ECF No. 18-3 at ¶ 13; Lozano Decl. at ¶ 4, Ex. 2.)

Plaintiff filed other unrelated appeals between the date of the incident and the date

he initiated this action. He filed two additional non-health care appeals accepted for review at the first or second level during the relevant time period. (Ortega Decl. at ¶ 13.) One, WSP-11-00217, related to a funds issue and was granted at the first level of review. (Id. at ¶ 13, Ex. 5.) The other, WSP-11-0248 related to an Institution Classification Committee decision and proceeded to the third level of review. (Id. at ¶ 13, Ex. 3.) Neither of these appeals are relevant to this action because they do not touch on the claim at issue in Plaintiff's action.

Defendants also argue that Plaintiff's Complaint should be dismissed because he contests a conviction of a rules violation but has failed to successfully overturn his conviction as required by 28 U.S.C. § 2254. As a result of the August 2011 incident, Plaintiff was convicted of a Rules Violation Report and assessed a forfeiture of 180 days of credit. (Compl. at Ex. D.) A finding in Plaintiff's favor on his claims would allegedly invalidate his conviction. A 42 U.S.C. § 1983 action fails to state a cognizable claim where a favorable ruling would "necessarily validate" the administrative revocation of credits. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); see also Heck v. Humphrey, 512 U.S. 477, 486 n.6 (1994).

### C. Plaintiff's Opposition

Plaintiff alleges that he exhausted his administrative remedies prior to filing suit because he filed a staff complaint appeal on September 9, 2010 that was never processed. (Pl.'s Opp'n at 3.) Plaintiff alleges that the prison had a pattern of failing to process staff complaints and inasmuch as he attempted to exhaust his administrative remedies but was unable to do so, he should be exempt from this requirement. (Id. at 3-4.)

Plaintiff also alleges that his claims are not Heck barred because he is not seeking to overturn any Rules Violation Report. (Pl.'s Opp'n at 4.)

### D. Defendants' Reply

Defendants maintain that Plaintiff failed sufficiently to exhaust his administrative remedies prior to filing this suit. (Defs.' Reply at 1-2.) The CDCR does not have any record of Plaintiff's September 2010 appeal. (Id. at 2.) Defendants allege that this appeal

is a fabrication as the copy submitted by Plaintiff does not have a log number. (Id.)

The prison appeals process was available to Plaintiff as evidenced by the fact that several of Plaintiff's appeals were processed and proceeded to the third level of review. (Defs.' Reply at 2.)

### E. Plaintiff's Supplemental Opposition

Plaintiff alleges that his September 9, 2010 appeal is not a fabrication and submits various pages of his own handwritten correspondence to indicate that the appeal was filed. (Pl.'s Supplemental Opp'n at 4-5, Ex. A-H.)

### F. Defendants' Supplemental Reply

Defendants argue that Plaintiff fails to rebut their declarations regarding the availability of the appeals process because he presents unauthenticated documents to overcome their declarations. (Defs.' Supplemental Reply at 1-2.) While Defendants provided the Court with official logs regarding Plaintiff's appeal, Plaintiff simply presents unauthenticated handwritten documents to overcome Defendants' official ones. (Id. at 2.) Plaintiff has failed to prove he complied with PLRA requirements. (Id. at 3.)

### G. Discussion

The Eighth Amendment claim on which Plaintiff is currently proceeding was not properly exhausted.

This Court previously found that Plaintiff's pleading raised a cognizable Eighth Amendment claim against Defendants Martinez and Ayala for using excessive force against him on August 30, 2010. However, the papers before the Court do not reflect any appeal regarding the incident that was exhausted prior to filing this suit. To have properly exhausted his claims, Plaintiff must have submitted an inmate appeal regarding the claims which give rise to this action and obtained a third level decision prior to December 16, 2010. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).

Plaintiff filed two relevant staff complaints, neither of which were completely exhausted at the time he filed this suit on December 16, 2010. Appeal WSP-10-01241

which was about the Rules Violation Report filed against Plaintiff after the incident was only completed on May 19, 2011. (Defs.' Mot. at Ex. 1.) Appeal No. WSP-11-00246 regarding the incident itself was only completed on September 14, 2011. (Id. at Ex. 2.)

Plaintiff's allegation that he filed a relevant appeal on September 9, 2010 but it was lost is not corroborated and is not credible. Defendants note that the fact it lacks an appeal numbers suggests it was not in fact ever filed. Plaintiff's supplemental opposition offers nothing but self-created and self-serving information in response. (Pl.'s Supplemental Opp'n at 4-5, Ex. B-F.) None of the information submitted shows exhaustion. Its uncorroborated nature, especially in light of the points made by the Defendants, leaves it an insufficient basis for the Court to find that Plaintiff attempted to exhaust but was denied that option by others. Nothing filed by Plaintiff creates any real question as to the accuracy of Defendants' history of his administrative appeals. Defendants have satisfied their burden of demonstrating that Plaintiff failed to exhaust administrative remedies. The Court thus orders that Defendants' motion to dismiss be granted in its entirety and this action be dismissed without prejudice.[2]

Plaintiff's failure to exhaust his administrative remedies prevents Plaintiff from proceeding on his current claim under 42 U.S.C. § 1983. Plaintiff may re-file this action once his administrative remedies are exhausted.

## III.   **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss (ECF No. 25) be granted and that this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document

---

[2] Given its finding herein, the Court need not and will not reach Defendants' alternative argument that Plaintiff's only avenue for relief is under 28 U.S.C. § 2254.

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1 st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 30, 2013       /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE