UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUILLIE L. HARVEY, JR., | CASE NO. 1:10-cv-02343-LJO-MJS (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| A. AYALA, et al., | **(ECF No. 45)** |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action concerned Plaintiff's Eighth Amendment excessive force claim against Defendants Ayala and Martinez. (ECF No. 13.)

On June 13, 2012, Defendants moved to dismiss the action on the ground Plaintiff failed to exhaust his administrative remedies. (ECF No. 18.) On January 30, 2013, the Magistrate Judge assigned to the case issued findings and a recommendation to grant the motion. (ECF No. 41.) On March 22, 2013, the undersigned adopted the findings and recommendation and granted Defendants' motion (ECF No. 43), judgment was entered (ECF No. 44), and the action was closed.

Before the Court is Plaintiff's May 12, 2014 motion for relief from judgment. (ECF No. 45.) No opposition was filed. This matter is deemed submitted. Local Rule 230(*l*).

## II. PLAINTIFF'S ARGUMENTS

Plaintiff seeks relief based on Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), which held that the proper procedural device for raising the issue of administrative exhaustion generally is a motion for summary judgment, rather than a motion to dismiss. He argues that his case presented a genuine issue of material fact regarding exhaustion that was not fully considered by the Court in reviewing Defendants' motion to dismiss.

## III. LEGAL STANDARD

Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(5). Plaintiff contends that Rule 60(b)(5) applies because the judgment in his case was based on Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), which was overruled in relevant part in Albino.

Rule 60(b) allows the Court to relieve a party from a final judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; *it is based on an earlier judgment that has been reversed or vacated*; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (emphasis added). Motions brought for reasons (1), (2) and (3) must be brought "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). All other Rule 60(b) motions must be brought within a "reasonable time." Id. The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir. 1988).

Plaintiff's reliance on subsection (b)(5) is misplaced. "This ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." 11 C. Wright & A. Miller, M. Kane, Federal Practice and Procedure § 2863, at 334-35 (3d ed. 1973)

(footnotes omitted); <u>Tomlin v. McDaniel</u>, 865 F.2d 209, 210-11 (9th Cir. 1989), <u>overruled on other grounds by</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005).

Instead, subsection (b)(6) is the proper means of bringing a motion for relief based on an intervening change in law. <u>See</u> <u>Phelps v. Alameida</u>, 569 F.3d 1120, 1132 (9th Cir. 2009). Analysis under Rule 60(b)(6) requires a case-by-case inquiry, <u>Phelps</u>, 569 F.3d at 1133, and relief may be granted only in "extraordinary circumstances," <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008). The Court's inquiry should consider the following factors: (1) whether the initial ruling was correct under the then-prevailing interpretation of the law; (2) the party's diligence in pursuing review of the issue; (3) "whether the final judgment being challenged has caused one or more of the parties to change his legal position in reliance on that judgment"; (4) delay between the finality of the judgment and the motion for relief; (5) the relationship between the decision embodying the original judgment and that embodying the change in law; and (6) whether the party seeking reconsideration of a judgment on the merits, or rather an erroneous judgment that prevented the court from ever reaching the merits of the case.[1] <u>Phelps</u>, 569 F.3d at 1135-40.

### III.   ANALYSIS

The six <u>Phelps</u> factors weight equally on Plaintiff's motion.  Three of the factors are in Plaintiff's favor: it would not appear that any of the parties changed their legal position in reliance on the judgment, there is a strong relationship between the decision in this case and that in <u>Albino</u>, and the dismissal on exhaustion grounds prevented the Court from reaching the merits of the case. On the other hand, the initial ruling was correct under the then-prevailing interpretation of the law, Plaintiff did not appeal and thus was not diligent in pursuing review of the issue, and there was a fourteen month delay between the finality of the judgment and the motion for relief.

---

[1] Although the Ninth Circuit applied these factors to a Rule 60(b)(6) motion regarding a rejected petition for habeas corpus, it noted the factors also may be useful in other contexts. <u>Phelps</u>, 569 F.3d at 1135 n.19.

These factors essentially being equal, the Court finds significant the Ninth Circuit's statement in Albino that its ruling requiring exhaustion to be raised in a summary judgment motion "may be more a matter of a change of nomenclature than of practical operation." 747 F.3d at 1166; see also Williams v. Paramo, 775 F.3d 1182, 1191 n.10 (2015) (construing the district court's order granting motion to dismiss on exhaustion grounds as one granting summary judgment). Indeed, in this case, the Court considered evidence beyond the complaint, presented by both Plaintiff and Defendants, regarding Plaintiff's attempts to exhaust his administrative remedies. In so doing, the Court effectively treated Defendants' motion to dismiss as a motion for summary judgment. After reviewing the evidence, the Magistrate Judge concluded that "[n]othing filed by Plaintiff creates any real question as to the accuracy of Defendants' history of his administrative appeals." (ECF No. 41 at 7.) The undersigned adopted this finding. (ECF No. 43.) Nothing in Plaintiff's motion convinces the Court that the result would be different had the issue been presented in a motion for summary judgment.

Accordingly, Plaintiff fails to present "extraordinary circumstances" warranting relief pursuant to Rule 60(b)(6).

## V. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for relief from judgment (ECF No. 45) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **February 26, 2015**            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

4